# Exhibit

## A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------X
NICOLE MCKINLAY,

                      Plaintiff/Petitioner,

     - against -                           Index No. 64047/2020

WAL-MART STORES EAST, LP,
                      Defendant/Respondent.
-----------------------------------------------------------X

**NOTICE OF ELECTRONIC FILING**
**(Mandatory Case)**
(Uniform Rule § 202.5-bb)

**You have received this Notice because:**

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.

  **If** you choose to participate in e-filing, you **must** have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.

  The **benefits of participating in e-filing** include:

  - serving and filing your documents electronically
  - free access to view and print your e-filed documents
  - limiting your number of trips to the courthouse
  - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

## Information for Attorneys
### (E-filing is Mandatory for Attorneys)

An attorney representing a party who is served with this notice must either:

1) Immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: November 4, 2020

Robert J. Lucchese, Esq.
_____
Name
LUCCHESE & D'AMMORA, LLP
_____
Firm Name

327 Clock Tower Commons
_____
Brewster, New York 10509
_____
Address

(914) 948-8600
_____
Phone

blucchese1@hotmail.com
_____
E-Mail

To: Wal-Mart Stores East, LP

c/o Secretary of State

2/24/20

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

Index No. 64047/2020

NICOLE MCKINLAY,

                          Plaintiff,

    -against-

WAL-MART STORES EAST, LP,

                          Defendant.

Plaintiff designates
WESTCHESTER

County as the place of trial

The basis of the venue is
Residence of Plaintiff

**SUMMONS**

Plaintiff resides at
3917 Crompond Road
Cortlandt Manor, NY 10567
County of Westchester

To the above named Defendant

      **You are hereby summoned** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorneys within 20 days after the service of this summons, exclusive of the day of service or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York; and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

DATED:  Brewster, New York
             November 4, 2020

Defendant's address:

Wal-Mart Stores East, LP
**c/o Secretary of State**

LUCCHESE & D'AMMORA, LLP
By: _____
    ROBERT J. LUCCHESE, ESQ.
Attorneys for Plaintiff
Office and Post Office Address
327 Clock Tower Commons
Brewster, New York 10509
(914) 948-8600

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------------X
NICOLE MCKINLAY,

                              Plaintiff,

    - against -

WAL-MART STORES EAST, LP,

                             Defendant.
-------------------------------------------------------------------X

**_VERIFIED COMPLAINT_**

Index No.: 64047/2020

Plaintiff, NICOLE MCKINLAY, by her attorneys, LUCCHESE & D'AMMORA, LLP, complaining of the defendant, WAL-MART STORES EAST, LP, alleges as follows:

1. That at all times hereinafter mentioned, the plaintiff, NICOLE MCKINLAY, was and remains a resident of the County of Westchester, State of New York.

2. That at all times hereinafter mentioned, the defendant, WAL-MART STORES EAST, LP, was a foreign limited partnership duly authorized to conduct business in the State of New York.

3. That at all times hereinafter mentioned, the defendant, WAL-MART STORES EAST, LP, was a foreign limited partnership doing business in the State of New York.

4. That at all times hereinafter mentioned, the defendant, WAL-MART STORES EAST, LP, owned a certain building and premises known as Walmart bearing Store Number 2531 located at 3133 East Main Street, Mohegan Lake, New York.

5. That at all times hereinafter mentioned, the defendant, WAL-MART STORES EAST, LP, operated a retail establishment known as Walmart located at 3133 East Main Street, Mohegan Lake, New York.

6. That at all times hereinafter mentioned, the defendant, WAL-MART STORES EAST, LP, managed the aforesaid premises and retail establishment located at 3133 East Main Street, Mohegan Lake, New York.

7. That at all times hereinafter mentioned, the defendant, WAL-MART STORES EAST, LP, maintained the aforesaid premises and retail establishment located at 3133 East Main Street, Mohegan Lake, New York.

8. That at all times hereinafter mentioned, the defendant, WAL-MART STORES EAST, LP, controlled the aforesaid premises and retail establishment located at 3133 East Main Street, Mohegan Lake, New York.

9. That at all times hereinafter mentioned, the general public, including the plaintiff herein, was invited to enter and patronize the defendant's premises and retail establishment known as Walmart located at 3133 East Main Street, Mohegan Lake, New York.

10. That at all times hereinafter mentioned, it was the duty of the defendant, its agents, servants and/or employees to conduct its operations and the activities of its employees in a reasonably safe and suitable manner.

11. That at all times hereinafter mentioned, it was the duty of the defendant, its agents, servants and/or employees to provide for the safe patronage of persons at

defendant's premises and retail establishment known as Walmart located at 3133 East Main Street, Mohegan Lake, New York.

12.  That at all times hereinafter mentioned, it was the duty of the defendant, its agents, servants and/or employees to move equipment including merchandise carts and the like in a safe manner to provide for the safety of persons patronizing the aforesaid premises.

13.  That at all times hereinafter mentioned, and on the 20th day of May, 2019, the plaintiff, NICOLE MCKINLAY, was lawfully present upon the defendant's aforesaid premises and retail establishment at the aforesaid location.

14.  That at all times hereinafter mentioned, and on the 20th day of May, 2019, the plaintiff, NICOLE MCKINLAY, was a patron lawfully present upon the aforesaid premises at the aforesaid location and more particularly, in the Toy Department thereat.

15.  That on the 20th day of May, 2019, the plaintiff, NICOLE MCKINLAY, was caused to be injured while lawfully upon the defendant's aforesaid premises in the Toy Department thereof when she was struck by a "topstock cart" being moved and/or arranged by an employee of defendant.

16.  That on the 20th day of May, 2019, the plaintiff, NICOLE MCKINLAY, was caused to be injured as a result of being struck by the aforesaid topstock cart being moved, relocated and/or arranged by an employee of defendant.

17.  That by reason of the foregoing, the plaintiff, NICOLE MCKINLAY, was injured.

18. That the foregoing accident and resulting injuries to the plaintiff were caused solely by reason of the carelessness and negligence on the part of the defendant, its agents, servants and/or employees at the place and time aforementioned and without any negligence on the part of the plaintiff contributing thereto.

19. That one or more of the exceptions as set forth in CPLR Article 16 apply to this action.

20. That by reason of the foregoing, the plaintiff, NICOLE MCKINLAY, was severely injured, damaged, rendered sick, sore, lame, and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration and plaintiff will be permanently caused to suffer pain, inconvenience, and other effects of such injuries; plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries and plaintiff will be unable to pursue her usual duties with the same degree of efficiency as prior to this accident all to her great damage.

21. That by reason of the foregoing the plaintiff, NICOLE MCKINLAY, was damaged in an amount which exceeds the monetary jurisdictional limit of any and all lower courts which would otherwise have jurisdiction in an amount to be determined upon the trial of this action.

**WHEREFORE**, plaintiff, NICOLE MCKINLAY, demands judgment against the defendant, WAL-MART STORES EAST, LP, the amount sought exceeding the monetary jurisdictional limits of any and all lower courts which would otherwise have

jurisdiction in an amount to be determined at the trial of this action together with the costs and disbursements of this action.

Dated: Brewster, New York
       November 4, 2020

                                                          ROBERT J. LUCCHESE

STATE OF NEW YORK          )
                           ) SS.:
COUNTY OF PUTNAM           )

ROBERT J. LUCCHESE, being duly sworn, deposes and says:

That he is an attorney with the firm of LUCCHESE & D'AMMORA, LLP, attorneys for the plaintiff in this action, and that they have an office at 327 Clock Tower Commons, Brewster, New York. That he has read and knows the contents of the foregoing *Complaint* and that the same is true to the knowledge of deponent except as to the matters herein stated to be alleged upon information and belief, and as to those matters, he believes it to be true. Deponent further says that the sources of his information and the grounds of his belief as to all the matters therein not stated upon his knowledge are as follows:

Investigation which deponent has caused to be made and the reports thereon and communication had with the plaintiff in this action.

Deponent further says that the reason why this verification is not made by the plaintiff is that the said plaintiff resides outside the County in which your deponent has his office.

ROBERT J. LUCCHESE

Sworn to before me this 4th day of November, 2020

Notary Public

Marilyn Morales Lucchese
Notary Public, State of New York
Registration No. 01MO6397082
Qualified in Putnam County
Commission Expires September 3, 2023

Index No. 64047/2020          R.J.I. No.                    Judge

**STATE OF NEW YORK**
**SUPREME COURT**          **COUNTY OF WESTCHESTER**

---

NICOLE MCKINLAY,

          Plaintiff,

   - against -

WAL-MART STORES EAST, LP,

          Defendant.

---

### *SUMMONS and VERIFIED COMPLAINT*

---

**LUCCHESE & D'AMMORA, LLP**
Attorneys for Plaintiff
Office and Post Office Address
327 Clock Tower Commons
Brewster, New York 10509
(914) 948-8600

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------------------------------------X
NICOLE MCKINLAY,	Index No.: 64047/2020

        Plaintiff,

-against-	**VERIFIED ANSWER**

WAL-MART STORES EAST, LP,

        Defendant.
------------------------------------------------------------------X

        The defendant, WAL-MART STORES EAST LP, by its attorneys, BRODY O'CONNOR & O'CONNOR, answering the Verified Complaint herein states upon information and belief:

        1: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "1" and each and every part thereof.

        2: The allegations contained in paragraphs marked "2" and "3" are admitted.

        3: Defendant denies the allegations set forth in paragraph marked "4" and each and every part thereof.

        4: The allegations contained in paragraph marked "5" are admitted.

        5: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "6", "7" and "8" and refers all questions of law to the trial court.

        6: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "9" and each and every part thereof.

7: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "10", "11" and "12" and refers all questions of law to the trial court.

8: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "13", "14", "15", "16" and "17" and each and every part thereof.

9: Defendant denies the allegations set forth in paragraph marked "18" and each and every part thereof.

10: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "19" and refers all questions of law to the trial court.

11: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "20" and "21" and each and every part thereof.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

12: The plaintiff was guilty of culpable conduct, including contributory negligence and/or assumption of risk, and should an award be made to plaintiff, same should be diminished in the proportion which the culpable conduct and/or contributory negligence and/or assumption of risk attributable to the plaintiff bears to the culpable conduct and/or negligence which caused the damages.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

13: In the event that plaintiff recovers judgment against this answering defendant and it is determined that plaintiff's damages was caused in whole or in part by two or more joint tortfeasors, then defendant's liability herein for non-economic loss may not exceed its equitable share of said damages in accordance with its relative culpability, as provided by Section 1601 of the CPLR.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

14: Plaintiff's recovery, if any shall be reduced by the amount of any collateral payments received, in accordance with CPLR Section 4545.

WHEREFORE, defendant, WAL-MART STORES EAST LP, requests judgment dismissing the Complaint herein, together with costs and disbursements of this action.

Dated: Northport, New York
      November 30, 2020

Yours, etc.

BRODY O'CONNOR & O'CONNOR
Attorneys for Defendant

By: _____

PATRICIA A. O'CONNOR
7 Bayview Avenue
Northport, NY, 11768
(631) 261-7778
File No.: WM 20-501 TO

TO:  LUCCHESE & DAMMORA, LLP
     Attorneys for Plaintiff
     327 Clock Towers Commons
     Brewster, New York  10509
     (914) 948-8600

## AFFIRMATION BY ATTORNEY

The undersigned, an attorney admitted to practice in the Courts of the State of New York, shows:

That affirmant is the attorney for the defendant in the within action; that affirmant has read the foregoing Verified Answer and knows the contents thereof; that the same is true to the affirmant's knowledge, except as to the matters therein stated to be alleged on information and belief; and that as to those matters, affirmant believes it to be true.

Affirmant further says that the reason this Verification is made by deponent and not by the defendant is that defendant is a foreign limited partnership.

The ground of belief as to all matters not stated upon deponent's knowledge are documents, correspondence and records maintained in your deponent's files and conversations and conferences has with the defendant.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: Northport, New York
       November 30, 2020

_____
PATRICIA A. O'CONNOR